# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

```
MANDARIN ENTERTAINMENT CORP.        )
d/b/a DETN8 GAMES, LTD., an         )
Illinois corporation,               )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    No. 09 C 5409
                                    )
TWELVE SRL, an Italian corporation, )
and GUISEPPE CRUGLIANO,             )
                                    )
          Defendants.               )
```

## MEMORANDUM OPINION

Before the court is the motion of plaintiff/counterdefendant Mandarin Entertainment Corp., doing business as Detn8 Games, Ltd. ("Detn8") and counterdefendant Ellen Fuog for summary judgment on defendants' second amended counterclaim. For the reasons explained below, the motion is granted in part and denied in part.

## BACKGROUND

This is a suit by Detn8 against Twelve Srl ("Twelve") and Guiseppe Crugliano, Twelve's managing director, for breach of contract, unjust enrichment, and fraud. Generally, plaintiff alleges that it engaged defendants to develop certain video games and that defendants failed to deliver them.

Twelve[1] filed a counterclaim that contains two counts. Count I is a claim against Detn8 for breach of contract; Twelve alleges that Detn8 breached a Development Agreement by failing to make all payments due. In Count II, Twelve seeks to hold Ellen Fuog, Detn8's owner and president, liable for the breach under an alter-ego theory. Detn8 and Fuog move for summary judgment on the counterclaims.

**DISCUSSION**

**A.  Summary Judgment Standards**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. See Pitasi v. Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Talanda v. KFC Nat'l Mgmt. Co., 140 F.3d

---

[1]/ Although the counterclaim is inartfully titled "Defendants' Twelve Srl's and Guiseppe Crugliano's Second Amended Counterclaims," and plaintiffs refer to the counterclaims as those of "defendants/counter-plaintiffs," plural, the allegations of the claims pertain only to Twelve, and only Twelve is alleged to have suffered damages.

1090, 1095 (7th Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by citing to particular parts of materials in the record or by showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required," we may give an opportunity to properly support or address the fact, consider the fact undisputed for purposes of the motion, grant summary judgment if the motion and supporting materials show that the movant is entitled to it, or issue any other appropriate order. Fed. R. Civ. P. 56(e).

**B.    Count I of the Counterclaim (Breach of Contract)**

Twelve alleges in Count I of its counterclaim that Detn8 failed "to pay Twelve the full October 2008 milestone payment or any milestone payment after that point (i.e., by paying Twelve only $254,000 of the $450,000 due)." (Counterclaim ¶ 9.) Twelve alleges that it is owed the remaining $196,000. Detn8 contends that it had a broad right to terminate the Development Agreement (the "Agreement"), that it terminated the Agreement due to Twelve's failure to make the required Deliverables, and therefore, no

further payment of the Development Fee set forth in the Agreement was required.

Defendants' counsel withdrew from the case in April 2011, and Twelve has failed to retain substitute counsel. Crugliano filed an opposition to counterplaintiffs' motion for summary judgment, but we cannot consider this filing. Twelve is the only counterdefendant that brings the counterclaims. It is an Italian limited liability company and cannot appear pro se; it can litigate only if represented by a lawyer. See United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008) (an LLC can litigate only if represented by a lawyer); Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985) ("abstractions" cannot appear pro se). Therefore, we must disregard Crugliano's filing; Detn8 and Fuog's motion is effectively unopposed.

Still, a nonmovant's failure to respond to a summary judgment motion does not "automatically result in judgment for the movant." Raymond v. Ameritech Corp., 442 F.3d 600, 608 (7th Cir. 2006). Detn8 and Fuog must still show that they are entitled to judgment as a matter of law on the counterclaims, and even accepting the facts set forth in their Local Rule 56.1 Statement as true, they have failed to do so as to Count I. The relevant portions of the Agreement are as follows:

> 12. Termination.
> . . .
> (c) Project Termination. [Detn8] may terminate this Agreement at any time if [Detn8] determines, in its good

> faith business judgment, that market conditions or other factors warrant cancellation of the project or otherwise make continued development of the Work economically unfeasible.
>
> (d) <u>Consequences of Termination Prior to Acceptance of Work</u>.
> . . .
> Promptly after the effective date of any such termination: (i) 12 shall render a final billing to [Detn8] for only those milestones achieved and accepted through the effective date of any such termination, and [Detn8] shall pay the same in accordance with Section 3) [sic] . . .

(Development Agreement, Ex. A to Counterpls.' Rule 56.1 Statement, ¶ 12(c), (d).)

Detn8 does not adequately support its arguments with evidence. The only evidence submitted in conjunction with the motion for summary judgment is the Agreement itself.[2] Detn8 submits no evidence that it actually did terminate the Agreement (or when) and no evidence supporting its contention that it "terminated the Agreement due to Twelve's failure to make the required Deliverables." (Counterpls.' Mem. at 5.)

Moreover, Detn8's brief fails to acknowledge or explain subsection (d) of section 12 of the Agreement, which is set forth above. Under subsection (d), even if Detn8 had terminated the project pursuant to subsection (c), it would be liable to Twelve for "milestones achieved and accepted through the effective date of

---

[2]/ Counterplaintiffs also attach several exhibits to their reply, but (according to counterplaintiffs) they pertain to Crugliano's credibility. We find the exhibits immaterial to the motion.

any such termination."[3]  The parties appear to agree that Detn8 paid Twelve $254,000, but Twelve asserts that it is owed more (and we note that Exhibit A to the Agreement, the Work Schedule, provides that the total amount of milestone payments due through and including the October 2008 milestone is $279,000).  Because Detn8 has failed to submit any evidence regarding if, when, or why it terminated the Agreement, and has failed to discuss subsection 12(d) of the Agreement, it has not demonstrated that it is entitled to summary judgment on Count I of the counterclaim.

**C.  Count II of the Counterclaim (Alter-Ego Liability)**

Count II alleges that Fuog is liable for Detn8's breach of contract pursuant to an alter-ego theory.  "Under Illinois law, a corporation is presumed to be separate and distinct from its officers, shareholders, and directors, and those parties will not be held personally liable for the corporation's debts and obligations." Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 378 (7th Cir. 2008) (quotation marks omitted) (quoting Tower Investors, LLC v. 111 E. Chestnut

---

[3] Subsection 12(d) states that with respect to milestones achieved and accepted, Detn8 shall "pay the same in accordance with Section 3."  Although Detn8 fails to discuss subsection 12(d), it does cite to section 3 in support of its argument that the Development Fee (paid in installments upon the achievement of "milestones") was a "fully-recoupable advance" against royalties that would be payable to Twelve.  Detn8 asserts that Twelve was not entitled to keep any of the Development Fee that was paid because the video game at issue was never fully developed and sold so that Detn8 was able to recoup the advance, but it fails to explain how to reconcile section 3 of the Agreement, which characterizes the Development Fee as a "fully-recoupable advance against the Royalty," with section 12(d) of the Agreement, the provision for partial payment of milestones achieved and accepted.


- 7 -

Consultants, Inc., 864 N.E.2d 927, 941 (Ill. App. Ct. 2007)). Fuog points out that Twelve has submitted no evidence to support its claim that Fuog was the alter ego of Detn8 and overcome the presumption. The mere fact that Fuog was an officer and director of Detn8 is insufficient to establish alter-ego liability. Accordingly, the motion for summary judgment will be granted as to Count II of the counterclaim.

## **CONCLUSION**

For the reasons explained above, plaintiff and counter-defendant's motion for summary judgment [81] is granted in part and denied in part. It is denied as to defendants' Count I counterclaim for breach of contract. It is granted as to defendants' Count II counterclaim for alter ego liability.

DATE:      October 6, 2011

ENTER:     _____
           John F. Grady, United States District Judge